UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRYAN K. JOSEPH
AND KARLA JOSEPH

CIVIL ACTION

VERSUS

NO. 19-296-JWD-EDD

PAUL BROUSSARD, TRIMAC
TRANSPORTATION, AND GREAT
WEST CASUALTY

**NOTICE AND ORDER**

On May 9, 2019, Plaintiffs Bryan K. Joseph and Karla Joseph (collectively, "Plaintiffs") filed their Complaint ("Complaint")[1] against Paul Broussard ("Broussard"), Trimac Transportation ("Trimac"), and Great West Casualty ("Great West") (collectively, "Defendants")[2] in this Court. Plaintiffs allege that, on May 12, 2018, their vehicle was hit in Iberville Parish by a Freightliner insured by Great West and operated by Broussard with the permission of Trimac.[3] Plaintiffs assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.[4] Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship appears to have been adequately alleged as to Plaintiffs[5] and the amount in controversy appears to be met.[6] However, citizenship has not been adequately alleged as to Defendants.

---

[1] On May 10, 2019 Plaintiffs filed their Ex Parte Motion to Substitute Original Complaint. R. Doc. 3. Plaintiffs sought leave to substitute an amended complaint because counsel inadvertently failed to include his signature in the original Complaint. On May 14, 2019, the Court granted the motion. R. Doc. 4.
[2] R. Doc. 1. Plaintiffs have not yet requested that summonses be issued to Defendants, who have not yet made an appearance in this case.
[3] R. Doc. 1, ¶¶ 1-2, 4-5, and introductory paragraph.
[4] R. Doc. 1, ¶ I.
[5] R. Doc. 1, ¶ I.
[6] R. Doc. 1, ¶ I (alleging that "The amount in controversy, as will be seen below, is in excess of the jurisdictional amount set by law"), ¶ 6 (a)-(b) (alleging that Plaintiffs suffered personal injuries in the form of cervical injuries, including "a bulging intervertebral disc in Bryan's case and a severe injury and disruption to the muscles, ligaments, and other bodily structures in Karla's case, each suffering accompanying pain, suffering, and inconvenience; extensive

The Complaint makes the following allegations, in pertinent part, regarding the citizenship of the parties:

# I.
# JURISDICTION

This Honorable Court has jurisdiction of this cause by virtue of 28 U.S.C. 1332. Plaintiffs are residents and domiciliaries of the State of Texas. Defendants are residents and domiciliaries of the States of Illinois, Louisiana, and Iowa.

# II.
# DEFENDANTS

Made defendant herein are the following:
A. **PAUL BROUSSARD,** who resides at 1021 Eunice Road, St. Martinville, Louisiana, 70582;
B. **TRIMAC TRANSPORTATION, INC.,** an Illinois corporation with a registered location at 17550 Fritz Road, Lansing, IL, 60438, which is a branch of Trimac Transportation, Ltd., located in Calgary, Alberta, Canada;
C. **GREAT WEST CASUALTY,** an Iowa insurer authorized to do and in fact doing business within the State of Louisiana, upon whom suit may be had directly pursuant to La. R.S. 22:1269.

For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America* (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[7] Thus, to properly allege the citizenship of a corporation, a party must identify the place of

---

medical treatment, including months of physical therapy, with resultant loss and potential loss of income; medical expenses; and other incidental costs, such as medical transportation…Future medical treatment, up to and including surgery to remedy the serious injuries sustained in the accident; future physical therapy…."), and ¶ 6 (c)-(g), (alleging injuries and damages for psychological injury, "including PTSD caused by the recurrent image of a tractor trailer slamming into the driver's side of Plaintiffs' car," pain, suffering, inconvenience, loss of consortium, economic loss, property damage, and loss of income). *See also Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10-0053, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010) ("Where the plaintiff has received a surgical recommendation, federal courts generally find there to be sufficient damages to support diversity jurisdiction; where there has been no surgery recommendation, federal courts generally find there to be insufficient damages to support diversity jurisdiction.")
[7] 841 F.2d 1254, 1259 (5th Cir. 1988).

incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). In the Complaint, Plaintiff has only identified the places of incorporation of Trimac and Great West (*i.e.*, Illinois and Iowa, respectively), and it is unclear if Trimac's "registered location" is its principal place of business. Accordingly, Plaintiffs must properly identify the citizenship of Defendants Trimac and Great West, *i.e.*, principal place of business *and* place of incorporation.

With respect to Defendant Broussard, Plaintiffs allege that he "resides" in Louisiana.[8] However, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[9] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[10] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile. Accordingly, Plaintiffs must properly identify the citizenship of Broussard, *i.e.,* his domicile.

Although Defendants have not yet made an appearance in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter. *See McDonal v. Abbott Laboratories*, ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").[11]

---

[8] R. Doc. 1, ¶ II (A). Plaintiffs' allegation that "Defendants are residents and domiciliaries of the States of Illinois, Louisiana, and Iowa," is insufficient because it does not properly specify the domicile of each individual Defendant. R. Doc. 1, ¶ I.
[9] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[10] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[11] 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that, by no later than May 27, 2019, Plaintiffs Bryan and Karla Joseph shall file a comprehensive amended Complaint, without further leave of Court, that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended, that properly sets forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, May 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**